```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
CARY RATNER,

                        Plaintiff,
                                              MEMORANDUM & ORDER
            -against-                         13-CV-6278(JS)(ARL)

LINDA ROBINSON, MITCHELL SHAPIRO,
COUNTY OF NASSAU, NASSAU COUNTY POLICE
DEPARTMENT, DETECTIVE BRETT NORDMAN,
in his individual and official
capacity, DETECTIVES JOHN DOE 1-10,
in their official and individual
capacities, NASSAU COUNTY OFFICE OF
THE DISTRICT ATTORNEY,

                        Defendants.
----------------------------------------X
APPEARANCES
For Plaintiff:       Cary Ratner, pro se
                     38 Overlook Terrace
                     East Hills, NY 11577

For Defendants
Linda Robinson:      Mitchell M. Shapiro, Esq.
                     Law Offices of Michael V. Devine
                     135 West Main Street
                     Smithtown, NY 11787

Mitchell Shapiro:    Mitchell Shapiro, pro se
                     135 West Main Street
                     Smithtown, NY 11787

County Defendants:   Thomas Lai, Esq.
                     Nassau County Attorney Office
                     1 West Street
                     Mineola, NY 11501
```

SEYBERT, District Judge:

    Pro se plaintiff Cary Ratner ("Plaintiff") commenced this action against defendants Linda Robinson ("Robinson") and Mitchell Shapiro ("Shapiro"), and Nassau County, the Nassau

County Police Department, Detective Brett Nordman, and the Nassau County District Attorney's Office (collectively, the "County Defendants"), asserting claims of false arrest, malicious prosecution, and abuse of process pursuant to 42 U.S.C. § 1983, as well as related state law claims. Robinson and Shapiro move for judgment on the pleadings. (Docket Entries 8 & 9.) Plaintiff has opposed and moves for leave to file an amended opposition to Shapiro's and Robinson's motions. (Docket Entry 32.)

For the following reasons, Robinson's and Shapiro's motions are GRANTED IN PART and DENIED IN PART and Plaintiff's motion for leave to file an amended opposition is DENIED AS MOOT.

BACKGROUND[1]

This action arises out of Plaintiff's arrest on January 15, 2013. Plaintiff claims that he was arrested on false stalking charges filed by Robinson, his son's ex-mother-in-law. (Compl. ¶¶ 3, 44.) He claims that Robinson falsely accused him "in an attempt to punish [him] for seeking recourse in New York State Supreme Court and Family Court for defending himself against false accusations by" Robinson. (Compl. ¶ 3.) Plaintiff further alleges that Shapiro, who is Robinson's

---

[1] The following facts are taken from the Complaint and are presumed to be true for the purposes of the Memorandum and Order.

2

attorney, is a former detective and "counsel to a Police Fraternal organization," and that he "used his contacts and influence to affect this punishment." (Compl. ¶ 3.) Based on these allegations, Plaintiff asserts claims against Robinson and Shapiro for false arrest, malicious prosecution, and abuse of process pursuant 42 U.S.C. § 1983, as well as negligence, false arrest, malicious prosecution, and fraud under New York state law. Plaintiff also brings these claims against the County Defendants, with the exception of the state law fraud claim.

Shapiro and Robinson filed motions for judgment on the pleadings on November 26, 2013 and December 4, 2013, respectively. (Docket Entries 8 & 9.) Plaintiff has opposed and moved for leave to file an amended opposition to Shapiro's and Robinson's motions. (Docket Entry 32.) These motions are currently pending before the Court.

DISCUSSION

The Court will first set forth the applicable legal standard before turning to the motions more specifically.

I. Legal Standard

The standard for evaluating a motion for judgment on the pleadings pursuant to Rule 12(c) is the same as the standard for a motion to dismiss under Rule 12(b). See Karedes v. Ackerley Grp., Inc., 423 F.3d 107, 113 (2d Cir. 2005). In deciding a Rule 12(b)(6) motion to dismiss, the Court applies a

"plausibility standard," which is guided by "[t]wo working principles." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007); accord Harris v. Mills, 572 F.3d 66, 71-72 (2d Cir. 2009). First, although the Court must accept all allegations as true, this "tenet" is "inapplicable to legal conclusions;" thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678; accord Harris, 572 F.3d at 72. Second, only complaints that state a "plausible claim for relief" can survive a Rule 12(b)(6) motion to dismiss. Iqbal, 556 U.S. at 679. Determining whether a complaint does so is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.; accord Harris, 572 F.3d at 72.

## II. Section 1983 Claims

Robinson and Shapiro first argue that Plaintiff's Section 1983 claims should be dismissed because Plaintiff has not alleged that they are state actors. (See Shapiro's Mot. for J. on Pleadings, Docket Entry 8; Robinson's Mot. for J. on Pleadings, Docket Entry 9.) The Court agrees.

4

> Section 1983 states that
>
> > [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983. To state a claim under Section 1983, a plaintiff must "'allege that (1) the challenged conduct was attributable at least in part to a person who was acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States.'" Rae v. Cnty. of Suffolk, 693 F. Supp. 2d 217, 223 (E.D.N.Y. 2010) (quoting Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999)).

"Private parties are not proper defendants in a Section 1983 action unless the private parties were acting under color of state law." Lee v. Law Office of Kim & Bae, P.C., 530 F. App'x 9, 9 (2d Cir. 2013) (citing Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49–50, 119 S. Ct. 977, 143 L. Ed. 2d 130 (1999)). "[A] private actor acts under color of state law when the private actor is a willful participant in joint activity with the State or its agents." Id. (alteration in original) (quoting Ciambriello v. Cnty. of Nassau, 292 F.3d 307, 324 (2d Cir. 2002)). A "'conclusory allegation that a private entity

5

acted in concert with a state actor does not suffice to state a § 1983 claim against the private entity.'" Id. Rather, to state a claim against a private party on a Section 1983 conspiracy theory, a plaintiff must plead "(1) an agreement between a state actor and a private party; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." Id. at 9-10 (quoting Ciambriello, 292 F.3d at 324-25). "'A complaint containing only conclusory, vague, or general allegations of conspiracy to deprive a person of constitutional rights cannot withstand a motion to dismiss.'" Id. at 10 (quoting Sommer v. Dixon, 709 F.2d 173, 175 (2d Cir. 1983)).

Here, Plaintiff alleges that Robinson filed a false police report and that Robinson and Shapiro conspired with the County Defendants "to bring . . . false charges and prosecute Plaintiff to punish him for being involved in litigation with" Robinson. (Compl. ¶¶ 3, 44, 50.) These allegations fail to state a claim.

First, "[a] private citizen who files a police report, true or false, is not acting under color of state law, and cannot be held liable for any subsequent alleged constitutional violations by the police." Armatas v. Maroulleti, No. 08-CV-0310, 2010 WL 4340437, at *17 (E.D.N.Y. Oct. 19, 2010); accord Lee v. Law Offices of Kim & Bae, P.C., No. 11-CV-1266, 2012 WL

6

868998, at *2 (E.D.N.Y. Mar. 14, 2012) ("Plaintiff's allegation that defendants filed a false police report does not transform the defendants into state actors."), aff'd, 530 F. App'x 9 (2d Cir. 2013). Without more, Plaintiff has failed to state a claim against Robinson for filing a false report.

Second, Plaintiff fails to allege adequate facts to support the allegation that Robinson and Shapiro conspired with the County Defendants. Reading the Complaint liberally, it appears that Plaintiff concludes that a conspiracy occurred because Shapiro is a former detective and counsel to a "Police Fraternal organization." (Compl. ¶ 3.) However, there are no allegations in the Complaint identifying an "overt act" or the "agreement" forming the conspiracy.[2] "'[C]omplaints containing only conclusory, vague, or general allegations that the defendants have engaged in a conspiracy to deprive the plaintiff of his constitutional rights are properly dismissed; diffuse and expansive allegations are insufficient, unless amplified by specific instances of misconduct.'" McGee v. Doe, --- F. App'x

---

[2] Plaintiff attempts to cure his pleading deficiencies by attaching to his opposition brief an e-mail between Shapiro and Detective Nordman regarding potential charges against Plaintiff. (See Pl.'s Br., Docket Entry 19, at 5-6, Ex. C.) However, the Second Circuit has held that "[a] party may not use his or her opposition to a dispositive motion as a means to amend the complaint." Shah v. Helen Hayes Hosp., 252 F. App'x. 364, 366 (2d Cir. 2007) (citing Wright v. Ernst & Young LLP, 152 F.3d 169, 178 (2d Cir. 1998)). Thus, the Court will not consider the e-mail or Plaintiff's argument regarding it.

7

----, 2014 WL 2459704, at *1 (2d Cir. June 3, 2014) (quoting Cambriello, 292 F.3d at 324-25). Accordingly, Plaintiff's Section 1983 claims against Robinson and Shapiro must be dismissed. Accordingly, Robinson's and Shapiro's motions to for judgment on the pleadings insofar as they seek dismissal of Plaintiff's Section 1983 claims are GRANTED.[3]

III. State Law Claims

Robinson and Shapiro next argue that the state law claims against them should be dismissed because "Plaintiff's federal claims against [them] fail." (Robinson's Mot. for J. on the Pleadings ¶ 15; Shapiro's Motion for J. on the Pleadings ¶ 15.) The Court disagrees.

First, as discussed below, the Court will grant Plaintiff leave to replead his § 1983 claims against Robinson and Shapiro. Thus, Plaintiff may be able to assert viable federal claims against these defendants. Second, even without Plaintiff's federal claims against Robinson and Shapiro, the

---

[3] Shapiro also argues, without any citation to caselaw, that he is entitled to immunity given "[t]hat at the time complained of, [he] was representing a client in a matrimonial action in Supreme Court of Nassau County" and "[i]f there was any interaction between any state actors and [him,] it was only in the context of that role." (Shapiro's Mot. for J. on the Pleadings ¶ 18.) Since the Court has dismissed Plaintiff's Section 1983 claims against Shapiro, it need not entertain this argument at this juncture. However, the Court observes that, even if this was a legally sustainable argument, it appears to present issues of fact that would be inappropriate for resolution at the motion to dismiss stage.

8

Court may exercise supplemental jurisdiction over the state law claims because the Court has not dismissed the federal claims against the County Defendants. "Under 28 U.S.C. § 1367(a), federal courts have supplemental jurisdiction to hear state law claims that are so related to federal question claims brought in the same action as to 'form part of the same case or controversy under Article III of the United States Constitution.'" Briarpatch Ltd. v. Phoenix Pictures, Inc., 373 F.3d 296, 308 (2d Cir. 2004). Contrary to Robinson and Shapiro's contention, "[t]his is so even if the state law claim is asserted against a party different from the one named in the federal claim." Id. (citing 28 U.S.C. § 1367(a); Kirschner v. Klemons, 225 F.3d 227, 239 (2d Cir. 2000)).

A state law claim forms part of the same case or controversy as a federal claim if the claims "'derive from a common nucleus of operative fact' and are such that one would ordinarily expect them to be tried in one judicial proceeding." People by Abrams v. Terry, 45 F.3d 17, 23 n.7 (2d Cir. 1995) (quoting United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 725, 86 S. Ct. 1130, 1138, 16 L. Ed. 2d 218 (1966)). Here, Plaintiff's state law claims against Robinson and Shapiro and the federal claims against the County Defendants unquestionably derive from a common nucleus of operative fact. Accordingly,

9

Robinson's and Shapiro's motions insofar as they seek dismissal of the state law claims on jurisdictional grounds are DENIED.[4]

IV. Leave to Replead

The Second Circuit has stated that "[w]hen a motion to dismiss is granted, the usual practice is to grant leave to amend the complaint." Hayden v. Cnty. of Nassau, 180 F.3d 42, 53 (2d Cir. 1999); see also FED. R. CIV. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires."). "However, a district court has the discretion to deny leave to amend where there is no indication from a liberal reading of the

---

[4] In his motion for leave to file an amended opposition to Shapiro's and Robinson's motions, Plaintiff appears to argue that the Court now has diversity jurisdiction under 28 U.S.C. § 1332 because Detective Nordman recently moved to Florida. (See Docket Entry 32.) Since the Court has determined that an adequate basis of jurisdiction exists here in the form of supplemental jurisdiction, Plaintiff's motion for leave to file an amended opposition to assert this argument is DENIED AS MOOT. However, Plaintiff's argument fails in any event for two reasons. First, "the question of whether federal diversity jurisdiction exists is determined by examining the citizenship of the parties at the time the action is commenced. . . ." Linardos v. Fortuna, 157 F.3d 945, 947 (2d Cir. 1998) (internal quotation marks and citation omitted) (brackets omitted) (ellipsis in original). Thus, whether Detective Nordman is now a citizen of a different state than Plaintiff is irrelevant. Second, "[d]iversity jurisdiction under Section 1332 requires 'complete diversity' of citizenship between all plaintiffs and all defendants in an action." Griffith-Fenton v. Coldwell Banker Mortg., No. 13-CV-7449, 2014 WL 2217805, at *3 (S.D.N.Y. May 2, 2014) (citation omitted). Here, notwithstanding Detective Nordman's citizenship, Plaintiff is a citizen of New York and at least one other defendant is a citizen of New York. Thus, the Court may not proceed on diversity jurisdiction grounds because complete diversity of the parties is lacking.

10

complaint that a valid claim might be stated." Perri v. Bloomberg, No. 11-CV-2646, 2012 WL 3307013, at *4 (E.D.N.Y. Aug. 13, 2012) (citing Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010)). Here, the Court finds that Plaintiff should be given one opportunity to cure the deficiencies of the Section 1983 claims identified in this Memorandum and Order.

## CONCLUSION

For the foregoing reasons, Robinson's and Shapiro's motions for judgment on the pleadings (Docket Entries 8 & 9) are GRANTED IN PART and DENIED IN PART. Plaintiff's Section 1983 claims against Robinson and Shapiro are DISMISSED WITHOUT PREJUDICE and with leave to replead. If Plaintiff wishes to replead these claims, he must do so within thirty (30) days of the date of this Memorandum and Order. If he fails to do so, his Section 1983 claims against Robinson and Shapiro will be dismissed with prejudice. Plaintiff's state law claims against Robinson and Shapiro remain.

Plaintiff's motion for leave to file an amended opposition (Docket Entry 32) is DENIED AS MOOT.

Given Plaintiff's pro se status, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Memorandum and Order would not be taken in good faith and therefore in forma pauperis status is DENIED for purposes of an

11

appeal. Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of the Court is directed to mail a copy of this Memorandum and Order to the pro se Plaintiff.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:  September __16__, 2014
        Central Islip, NY